```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
APS TECHNOLOGY, INC.,

                Plaintiff,

        -v-                                                   No.  13CV6500-LTS-KNF

BRANT OILFIELD MANAGEMENT &
SALES, INC.

                Defendant.
--------------------------------------------------------x
```

ORDER

Plaintiff APS Technology has moved for summary judgment, and requests that the Court stay discovery and all related deadlines in the instant action pending the resolution of its summary judgment motion.

This case arises out of Plaintiff's allegations that Defendant Brant Oilfield Management and Sales, Inc., is in material breach of a contract between the parties, and is indebted to the Plaintiff for over $1 million in goods and engineering services, plus interest, fees, costs and expenses.  The court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. Having carefully considered the Plaintiff's unopposed motion for stay, the Court grants Plaintiff's motion for a stay pending determination of its summary judgment motion.

DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "The decision whether or not to stay . . . a proceeding rests within a district judge's discretion."  Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991).  "In deciding whether a stay is appropriate, courts . . .

typically consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

As noted, Defendant has not opposed Plaintiff's motion for stay. After weighing the relevant factors and the interests of the parties and the public, and in light of the fact that Defendant has not offered any reason as to why the stay should not be granted, the Court finds that issuance of a stay would be an appropriate exercise of its discretion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a stay of discovery and all related deadlines pending the resolution of Plaintiff's motion for summary judgment is granted. If Plaintiff's motion is not granted in full, the parties must request a conference with Magistrate Judge Fox, to be held within 30 days after the decision on the summary judgment motion, to discuss outstanding discovery and any other pretrial issues.

This Order resolves docket entry number 43.

SO ORDERED.

Dated: New York, New York
July 23, 2014

    s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge